# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |  |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| | : | Criminal No. 03-648 (SRC) | |
| Plaintiff, | : | | |
| | : | **ORDER** | |
| v. | : | | |
| | : | | |
| JAMES PREVARD, | : | | |
| | : | | |
| Defendant. | : | | |
| | : | | |
| | : | | |

This matter having come before the Court on Defendant's Motion for early release, or for "maximum time allowed in the halfway house" pursuant to the Second Chance Act of 2007 [docket item # 20]; and

**IT APPEARING** that Defendant previously challenged the legality of his sentence under 28 U.S.C. § 2255, and the court denied Defendant's petition to correct his sentence by way of an Opinion and Order dated January 31, 2007 [civil docket no. 05-6001, entry 16]; and it further

**APPEARING** that Defendant also moved for a reduction in the length of his sentence via letter dated March 15, 2012, which the Court denied by way of an Order dated March 19, 2012 [docket entry 19]; and it further

**APPEARING** that Federal Rule of Criminal Procedure 35, which governs the correction or reduction of a sentence, applied to the relief requested by Defendant in his previous motion, and applies to the within motion for "early release"; and it further

**APPEARING** that Rule 35(b) provides that the government may move for a reduction of sentence for substantial assistance provided by the defendant in investigating or prosecuting another person; and it further

**APPEARING** that Rule 35 does not contemplate motions for the reduction of a sentence filed by a defendant; and it further

**APPEARING** that Defendant therefore has no standing under Rule 35 to obtain the relief sought; and it further

**APPEARING** that, Defendant's request to be placed in the halfway house program for one year, rather than six months, was denied by his counselor in the Bureau of Prisons ("BOP"); and it further

**APPEARING** that the Court lacks jurisdiction to entertain Defendant's challenge to this decision, because the BOP has "nearly exclusive jurisdiction to classify and transfer prisoners," *Beckley v. Miner*, 125 Fed. Appx. 385, 389 (3d Cir. 2005), and Defendant has not demonstrated that the BOP lacked statutory authority to determine that Defendant was ineligible for the one-year halfway house program; and it further

**APPEARING** that

For the foregoing reasons, **IT IS** on this 18th day of May, 2012, hereby

**ORDERED** that Defendant's Motion for early release or maximum time in the halfway house [docket item # 20] be and hereby is **DENIED**.

  s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.